JUDGE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR23-5090-BHS |
| Plaintiff, | |
| v. | DEFENDANT'S REPLY IN DEFENDANT'S MOTION TO REVOKE THE DETENTION ORDER AND SET CONDITONS OF RELEASE |
| ASHTON CONNOR GARCIA, | |
| Defendant. | |

The government acknowledges that Mr. Garcia's age, lack of criminal history, and ties to the community weigh in favor of release. Dkt. 31 at 11. At the detention hearing on May 18, 2023, Probation recommend releasing Mr. Garcia on conditions, to include strict restrictions on his access to the internet and internet-capable devices. The main thrust of the government's response is that Mr. Garcia could easily evade those restrictions and if he did, would undoubtedly revert to the same sorts of behavior alleged in this case. The government is incorrect, and the Court should release Mr. Garcia.

As evidenced by the sheer amount of discovery in this case, if the government's allegations are true, Mr. Garcia, then 19 years old, was spending an enormous amount of time online during the charging period. Much of that time appears to have been on a particular Discord server – an invitation-only online space where users text, voice or

REPLY IN DEF'S MOTION TO REVOKE DETENTION ORDER
(*United States v. Garcia*, CR23-5090-BHS) - 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

video call, share images, or stream video.[1] The server had a regular group of users; the government alleges Mr. Garcia went by the username "A1FA#9375." The alleged conduct in this case was not lone action by A1FA#9375, but instead conduct enmeshed with and fueled by the interactions of this online community.

For instance, the government cites swatting calls to a transgender woman in Minnesota. Dkt. 31 at 4. The government retrieved a screen recording from YouTube, apparently of the initial "swatting" call. The call was in no way an individual effort – at least eight people are on the Discord server, collectively watching, commenting on, laughing at, and generally encouraging the call. Additionally, A1FA#9375 told another user he made the call because of prior online interactions with the woman who A1FA#9375 believed "[c]atfished me and lied and other shiit."[2]

The allegations involving a girl in Ohio were similarly intertwined with A1FA#9375's online community. The government included portions of the online chat where the group discussed whether to "swat" her. In other portions, the group discusses their motivation – that she was messaging regularly with another member of the group, "aTo#5410", and said she was 17 years old (with the implication that this lie could put aTo#5410 in legal jeopardy).

When Mr. Garcia is released on the conditions suggested by Probation, he is cut off from *both* the means *and* the motivation – retaliation for other online interactions,

---

[1] *Parents & Educators: WHAT IS DISCORD?* Discord https://discord.com/safety/360044149331-what-is-discord

[2] "Catfishing" is to deceive another person, often in a romantic context, by creating a false personal profile online. Here other evidence retrieved by the government – screen captured images of the individual presenting as male on social media – suggests the individual may not have disclosed to A1FA#9375 she was a transgender woman.

REPLY IN DEF'S MOTION TO REVOKE
DETENTION ORDER
(*United States v. Garcia*, CR23-5090-BHS) - 2

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

notoriety within his online peer group, etc. Even *if* he, as the government maintains, is able to evade Probation's supervision, that particular online community no longer exists. He cannot have unfettered access to the internet for the sheer amount of time he is alleged to have had during the charging period. Further, the government conflates Mr. Garcia's purported ability to conceal online activity through the use of commonly available tools like VPNs and TextNow phone numbers with the ability to conceal a physical internet-capable device from Probation. Finally, through this court process, Mr. Garcia has been confronted with the real-world, human impact of swatting; not just the depersonalized perspective one gets from within a semi-anonymous online community.

Research suggests that involvement in an "identity bubble" is positively related to cyberaggression.[3] An "identity bubble" is "defined as a limited diversity of social contacts and information exposure online…as well as interaction with like-minded people online." *Id*. People who become involved in identity bubbles "form strong bonds with an online community [and] are more susceptible to these norms and peer influence." *Id*. Conversely, a "sense of belonging offline was negatively related to cyberaggression." *Id*.

Mr. Garcia has been separated from any online community now for several months. His residence was thoroughly searched, and any devices removed. Probation is well-positioned to monitor Mr. Garcia and ensure he is not accessing any unauthorized internet-capable devices. Probation also recommended that Mr. Garcia maintain employment and engage in mental health treatment. Both these conditions would encourage a "sense of offline belonging" and assist Mr. Garcia in re-engaging with the

---

[3] Zych, I., Kaakinen, M., Savolainen, I., Sirola, A., Paek, H.-J., & Oksanen, A. (2023). The role of impulsivity, social relations online and offline, and compulsive Internet use in cyberaggression: A four-country study. *New Media & Society, 25*(1), 181–198.

REPLY IN DEF'S MOTION TO REVOKE
DETENTION ORDER
(*United States v. Garcia*, CR23-5090-BHS) - 3

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

"real" world. Mr. Garcia lacks criminal history; there is no evidence is any danger to the community while he is offline.

Mr. Garcia is a very young man who, if the government's allegations are true, was living most of his life virtually. Reality has now imposed itself on Mr. Garcia, and his facing serious charges before this Court. He is committed to complying with any conditions the Court imposes. Mr. Garcia respectfully requests the Court follow the recommendation of Probation and release him on strict conditions.

DATED this 30th day of June, 2023.

Respectfully submitted,

s/ *Heather Carroll*
Assistant Federal Public Defender
Attorney for Ashton Garcia

REPLY IN DEF'S MOTION TO REVOKE
DETENTION ORDER
(*United States v. Garcia*, CR23-5090-BHS) - 4

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710