The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ASHTON CONNOR GARCIA, <br><br> Defendant. | NO. CR23-5090 BHS <br><br> **PLEA AGREEMENT** |

The United States, through Acting United States Attorney Tessa M. Gorman and Assistant United States Attorney Jessica M. Manca of the Western District of Washington and Defendant Ashton C. Garcia and Defendant's attorneys Heather Carroll and Gregory Murphy enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A).

1. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment:

Plea Agreement - 1
*United States v. Garcia*, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

a. Extortion, as charged in Count 1, in violation of Title 18, United States Code, Section 875(d).

b. Threats and Hoaxes Regarding Explosives, as charged in Count 2, in violation of Title 18, United States Code, Section 844(e).

c. Threats and Hoaxes Regarding Explosives, as charged in Count 3, in violation of Title 18, United States Code, Section 844(e).

d. Extortion, as charged in Count 7, in violation of Title 18, United States Code, Section 875(d).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense(s).** The elements of the offense(s) to which Defendant is pleading guilty are as follows:

The elements of Extortion, as charged in Counts 1 and 7, are as follows:

1. Defendant knowingly sent a message in interstate and foreign commerce containing a true threat to damage the reputation of another or accuse another of a crime; and

2. Defendant did so with the intent to extort money or something else of value to the Defendant.

The elements of Threats and Hoaxes Regarding Explosives, as charged in Counts 2 and 3, are as follows:

1. Defendant maliciously conveyed false information knowing the same to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injure or intimidate any individual or to unlawfully to damage or destroy and building or real property by

Plea Agreement - 2
United States v. Garcia, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

means of an explosive;

2. Defendant used, or caused to be used, an instrument of commerce, such as a telephone, to communicate the false information; and

3. Defendant acted maliciously.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense(s) to which Defendant is pleading guilty are as follows:

    a. For the offense of Extortion, as charged in Counts 1 and 7: A maximum term of imprisonment of up to two (2) years, a fine of up to $250,000.00, a period of supervision following release from prison of up to one (1) year, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

    b. For the offense of Threats and Hoaxes Regarding Explosives, as charged in Counts 2 and 3: A maximum term of imprisonment of up to ten (10) years, a fine of up to $ 250,000.00, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 3
*United States v. Garcia*, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

Plea Agreement - 4
*United States v. Garcia*, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

|   |    | c. | The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant; |
|---|----|----|---|

   c.   The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d.   The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e.   The right to confront and cross-examine witnesses against Defendant at trial;

   f.   The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g.   The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h.   The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

Plea Agreement - 5
United States v. Garcia, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**. The parties agree on the following facts. Defendant admits he is guilty of the charged offenses.

From approximately early June 2022 through late March 2023, Defendant made a series of swatting, threat, and hoax calls from his residences in the Western District of Washington to various emergency dispatch services throughout the United States. He placed these calls using instrumentalities of interstate commerce, including using a Voice over Internet Protocol (VoIP) application to place phone calls and an internet-based social media platform to stream the calls and encourage others to watch and participate.

Defendant's intended his calls to cause a large-scale deployment of special weapons and tactics (SWAT) teams, bomb squads and other police units to the targeted locations. He made these calls with malicious intent to harass, intimidate, and retaliate against certain individuals and organizations, and to obtain items of value through extortion.

Plea Agreement - 6
*United States v. Garcia*, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

During these calls, Defendant provided information to law enforcement agencies that he knew to be false, such as false names, false claims that he and others had placed explosives in particular locations, and false claims that he and other individuals had committed violent crimes, taken hostages, gravely injured other people, and possessed dangerous weapons, such as firearms and explosives.

In response to many of Defendant's calls, emergency dispatchers spent lengthy amounts of time on the phone with Defendant. During that time, these dispatchers were unavailable to respond to other emergencies. Additionally, in response to many of Defendant's calls, armed law enforcement officers were dispatched to the targeted addresses. During that time, these officers were unavailable to respond to other emergencies. In some instances, armed law enforcement officers approached and entered a targeted residence with their weapons drawn and detained people who occupied the residence.

As part of this course of conduct, Defendant:

i. On June 6, 2022, called the Carver County Sheriff's Office in Minnesota to falsely claim that he shot his mother and father.

ii. On July 17, 2022, sent messages to VICTIM-1 in Ohio, in which he threatened to disseminate nude photographs and swat her and her family if she did not send him her parents' credit card information.

iii. On July 22, 2022, called the Shaker Heights Police Department in Ohio to falsely claim that his father was holding the family hostage and raping his mother and sister while possessing numerous firearms and a makeshift hand grenade.

iv. On July 25, 2022, called the Charleston Police Department in Illinois to falsely claim that he planted a bomb at a park close to a local university.

v. On July 27, 2022, called the Carver County Sheriff's Office in Minnesota to falsely claim that his mother and father were fighting and shooting each other.

Plea Agreement - 7
*United States v. Garcia*, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

vi. On July 28, 2022, called the Cleveland Police Department in Ohio to falsely claim that he had planted a pipe bomb at a television station in Cleveland, Ohio.

vii. On July 28, 2022, called the Peoria Police Department in Illinois to falsely claim that his stepfather was holding a gun to his mother's head and raping her.

viii. On July 29, 2022, called the Los Angeles Police Department in California to falsely claim that his father was raping his sister with a gun, had a lot of guns, suffered from schizophrenia, and was addicted to PCP.

ix. On July 30, 2022, called the Kentucky State Police in Kentucky to falsely claim that he was holding two people hostage with a pipe bomb and an AR-15, and that he would kill the hostages unless he received $50,000 cash.

x. On August 22, 2022, called the Newton Township Police Department in Pennsylvania to falsely claim that his father was running around the house with a shotgun and stabbed his mother.

xi. On August 23, 2022, called the Los Angeles Police Department in California to falsely claim that there was a bomb on his daughter's flight from Honolulu to Los Angeles.

xii. On August 24, 2022, sent messages to VICTIM-2 in New Jersey, in which he threatened to swat and terrorize her if she did not send him sexual images.

xiii. On August 27, 2022, called the Edmonton Police Service in Alberta, Canada, to falsely claim that he shot his mother and she was dying. During the call, he refused to provide life-saving aid and threatened to shoot police if they came into the house.

xiv. On August 28, 2022, called the Bremerton Police Department to falsely claim that he shot his mother.

xv. On September 2, 2022, called the Milan Police Department in Michigan to falsely claim that his father was holding him hostage with a gun and bombs.

Plea Agreement - 8
United States v. Garcia, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

xvi. On September 2, 2022, called the Milan Police Department in Tennessee to falsely claim that his father was holding him hostage inside of a closet, and that his father had a gun and a bomb and was scaring him.

xvii. On September 6, 2022, called the Los Angeles Police Department in California to falsely claim that he stashed four pounds of C4 at an airport in Los Angeles that he would detonate unless he received $200,000 in Bitcoin.

xviii. On September 6, 2022, called the Berkeley Township Police Department in New Jersey to falsely claim that he needed help because his father stabbed his mother and was running around the house with a shotgun.

xix. On September 6, 2022, called the Bremerton Police Department to falsely claim that he needed help because his father shot his mother and was running around the house with a shotgun.

xx. On January 25, 2023, called the Castle Rock Police Department in Colorado to falsely claim that he shot his girlfriend in the chest during an argument and refused to provide life-saving aid.

The parties agree that these facts establish the commission of each of the offenses charged in Counts 1-10 for purposes of calculating Defendant's Sentencing Guidelines. *See* U.S.S.G. § 1B1.2(c).

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. A base offense level of 12 is applicable to Counts 2 and 3, pursuant to U.S.S.G. § 2A6.1.

Plea Agreement - 9
*United States v. Garcia*, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

b. A four (4)-level enhancement is applicable to Counts 2 and 3, pursuant to U.S.S.G. § 2A6.1, because Defendant's offenses resulted in substantial disruption of public, governmental, or business functions or services.

c. A base offense level of 9 is applicable to Counts 1 and 7, pursuant to U.S.S.G. § 2B3.3.

d. A two (2)-level enhancement is applicable to Counts 1, 2, and 7, pursuant to U.S.S.G. § 3A1.1, because Defendant knew or should have known that the victims of the offenses were vulnerable victims.

e. A two (2)-level enhancement is applicable to Count 2, pursuant to U.S.S.G. § 3B1.1, because Defendant was an organizer and leader of the criminal activity.

f. Five (5) levels are added as a multiple-count adjustment pursuant to U.S.S.G. § 3D1.4.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Recommendation Regarding Imprisonment**. The United States will recommend a sentence no higher than 48 months of imprisonment. Defendant is free to

Plea Agreement - 10
United States v. Garcia, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

recommend any sentence. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing. In connection with these arguments, the parties agree they are not limited to the preceding statement of facts.

Defendant understands that the Court may reject the recommendations of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.

12. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case includes losses resulting from crimes charged in dismissed counts. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

b. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United

Plea Agreement - 11
United States v. Garcia, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

13. **Forfeiture of Assets.** Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case.

Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any property constituting, or derived from, proceeds Defendant obtained
Plea Agreement - 12
United States v. Garcia, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

directly or indirectly, as a result of his commission of *Extortion*, the offense set forth in Counts 1 and 7 of the Indictment. This property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to a sum of money reflecting the proceeds Defendant obtained as a result of the offense.

Defendant also agrees to forfeit to the United States immediately all of his right, title, and interest in any property constituting, or derived from, proceeds Defendant obtained directly or indirectly, as a result of his commission of *Threats and Hoaxes Regarding Explosives*, the offense set forth in Counts 2 and 3 of the Indictment. This property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(2)(B), and includes but is not limited to a sum of money reflecting the proceeds Defendant obtained as a result of the offense. Pursuant to Title 18, United States Code, Section 844(c), Defendant shall also forfeit any explosive materials involved in, used in, or intended to be used in the offense.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any

Plea Agreement - 13
United States v. Garcia, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

interest or control, if said assets constitute or are derived from proceeds Defendant obtained directly or indirectly from the *Extortion* and *Threats and Hoaxes Regarding Explosives* offenses set forth in Counts 1, 2, 3, and 7 of the Indictment, or were explosives involved in, used in, or intended to be used in the offense of *Threats and Hoaxes Regarding Explosives*.

14. **Abandonment of Contraband**. Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

15. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

Plea Agreement - 14
*United States v. Garcia*, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the

Plea Agreement - 15
United States v. Garcia, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a.    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

    18.    **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

    19.    **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

Plea Agreement - 16
*United States v. Garcia*, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

20. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 25th day of January, 2024.

ASHTON C. GARCIA
Defendant

HEATHER CARROLL
GREGORY MURPHY
Attorneys for Defendant

JESSICA M. MANCA
Assistant United States Attorney

Plea Agreement - 17
United States v. Garcia, CR23-5090 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800